FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PASCO SANITARY LANDFILL NPL SITE INDUSTRIAL WASTE AREA GENERATOR GROUP III,<br><br>               Plaintiff,<br><br>     v.<br><br>BASIN DISPOSAL, INC, et al.,<br><br>               Defendants. | No.   4:15-CV-05022-SMJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court, with oral argument, is Defendant Basin Disposal Inc.'s Motion to Dismiss, ECF No. 99. Defendant asks the Court to dismiss the action pursuant to Federal Rule of Civil Procedure 17(a) because Plaintiff is not the real party in interest. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants Defendant Basin Disposal's motion.

This case was filed under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the Washington's Model Toxics Control Act ("MTCA") for the recovery of costs incurred and to be incurred in cleaning up the Pasco Sanitary Landfill Superfund Site (the "Site"). CERCLA is a federal law that requires parties responsible for contamination to

pay to clean-up sites they contaminated.   Three classes of parties, called Potentially Responsible Parties ("PRPs"), are liable for contamination: those who owned or operated the site; those who sent hazardous waste to the site; or those who participated in transporting hazardous waste to the site.   CERCLA allows a PRP to seek contribution from other PRPs if it assumed a disproportionate share of the cleanup costs. 42 U.S.C. § 9613(f).

Plaintiff Pasco Sanitary Landfill NPL Site Industrial Waste Area Generator Group III ("IWAG III") is an unincorporated association of PRPs representing 16 large corporations that generated most of the hazardous waste disposed at the Site. IWAG III is not itself a PRP.   It was created to facilitate clean-up and cost recovery efforts of the 16 member PRPs. *See* ECF No. 1.   In the complaint, Plaintiff claims that a number of entities responsible for dumping hazardous waste at the site have not agreed to contribute their equitable share of the response costs. ECF No. 1.

Defendant Basin Disposal, Inc. ("Basin") is the movant seeking dismissal. Basin operated the Site while it was used for hazardous waste disposal. Basin asks the Court to dismiss this case because IWAG III is not the real party in interest under Federal Rule of Civil Procedure 17(a).

Basin argues that an unincorporated association of PRPs is not a real party in interest because CERCLA gives PRPs, not associations, the right to bring

contribution actions. ECF No. 99. Basin emphasizes that IWAG III did not generate hazardous waste and has not incurred clean-up cost. *Id*. Thus, Basin argues that the real parties in interest are those who have incurred the costs that are the subject of the complaint—the sixteen individual corporate entities who are the members of IWAG III. *Id*.

IWAG III asserts that there is nothing in CERCLA to prohibit a voluntary association of PRPs from bringing a contribution suit. ECF No. 109.  IWAG III argues that federal courts routinely adjudicate CERCLA actions that are brought by unincorporated PRP associations, and so too should this Court. *Id*.

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action shall be prosecuted in the name of the real party in interest."   Fed.R.Civ.P. 17(a). To determine whether the requirement that the action be brought by the real party in interest has been satisfied, the court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief.  *Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1093–94 (9th Cir. 2004).

CERCLA provides that PRPs who have paid for more than their share of remediation costs have the right to sue other PRPs for contribution. 42 U.S.C. § 9613(f); *New Castle Cty. v. Halliburton NUS Corp*., 111 F.3d 1116, 1121 (3d Cir. 1997).  Therefore, under the statute, the 16 member PRPs are the real parties in

interest—not IWAG III. *See Boarhead Farm Agreement v. Advanced Envtl. Tech. Corp.,* 381 F. Supp. 2d 427, 432–33 (E.D. Pa. 2005).

IWAG III has identified no authority holding that an unincorporated association of PRPs is a real party in interest where the association itself is not a PRP.[1] Further, IWAG III's assertion that other district courts have allowed other such associations to proceed as parties is not germane to the issue before the Court. To support their argument, IWAG III only sites cases where the associations' statues as parties went unchallenged. *See* ECF No. 109.

In the instant matter, Plaintiff is a group of PRPs that was formed for the purpose of bringing this action. IWAG III has not contributed anything as a group to the cleanup cost. The individual members of IWAG III are the entities that have contributed to the cleanup. Therefore, under the statute, the individual PRPs are the real parties in interest, not IWAG III. *See Boarhead,* 381 F. Supp. 2d at 432–33.

The question, then, is what happens to a case filed by an entity that is not a real party in interest? According to Basin, the case should be dismissed. According to IWAG III, the Court should add the names of the 16 members of IWAG III to the caption.

---

[1] IWAG III's reliance on *Karras v. Teledyne, Inc,* 191 F.Supp.2d 1169, is misplaced. That case is distinguishable because the PRP association in that case was itself a named PRP that had assumed the duty to perform clean-up, actually preformed clean-up, and individually incurred costs.

Rule 17(a)(1)(3) provides, that "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed.R.Civ.P. 17(a)(3). However, the Advisory Committee Notes make clear that this escape clause is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed.R.Civ.P. 17, Advisory Committee Notes 1966.

In sync with this limitation, the Ninth Circuit has advised that Rule 17(a)(3) should only apply to those cases involving an understandable mistake. *See, e.g., Dunmore v. United States,* 358 F.3d 1107, 1112 (9th Cir.2004) (stating that ratification under Rule 17(a) is permitted so long as the plaintiff's decision to sue in his own name represented "an understandable mistake and not a strategic decision"). When determination of the correct party to bring the action was not difficult and when no excusable mistake was made, the escape clause of Rule 17(a)(1)(3) is inapplicable and the action should be dismissed. *Clift v. BNSF Ry. Co.*, 2015 WL 4656151, at *2 (E.D. Wash. Aug. 5, 2015).

In this case, the determination of the correct party to bring the suit was not difficult. A close reading of CERCLA, and cases that directly analyze this issue, shows that only the PRPs are permitted to seek contribution. Accordingly, the

Court finds that IWAG III did not make an understandable mistake, and the Court dismisses the Complaint on that ground. *See Clift,* WL 4656151, at *2 (E.D. Wash. Aug. 5, 2015) ("If Plaintiff did not make an honest and understandable mistake when he filed this action in his own name, this Court will not allow substitution of the real party in interest."); *see also Wealth by Health , Inc. v. Ericson*, 2011 WL 1214176, at *2 (W.D. Wash. Mar. 29, 20122) (dismissing case without leave to amend because "determination of the correct party to bring [the] action should not have been difficult").

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 99**, is **GRANTED.**

2. All claims are **DISMISSED WITHOUT PREJUDICE,** with all parties to bear their own costs and attorneys' fees.

3. All pending motions are **DENIED AS MOOT.**

4. All hearings and other deadlines are **STRICKEN.**

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of November 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2015\Pasco Sanitary Landfill NPL Site Industrial Waste Area Generator Group III v  Basin Disposal Inc et al-5022\ord grant dismiss lc2 docx

ORDER - 6